## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY L. HOWELL, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | )   **Case No. CIV-12-74-D** |
| CAROLYN W. COLVIN, | ) |
| **Acting Commissioner of the Social** | ) |
| **Security Administration,**[1] | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (TR. ___). The parties have briefed their positions and the matter is now at issue. It is recommended that the Commissioner's decision be **REVERSED AND REMANDED** with directions for an immediate award of benefits.

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is hereby substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on October 23, 2003, alleging a disability beginning November 21, 2001 (TR. 17). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 17). Pursuant to Plaintiff's request, an Administrative Law Judge (ALJ) held the first of two *de novo* hearings on September 6, 2006 (TR. 17, 563-593). Plaintiff appeared with his attorney and testified in support of the applications. At the request of the ALJ, a vocational expert (VE) also testified. The ALJ issued an unfavorable decision on June 26, 2007, finding that Plaintiff was not disabled (TR. 495-508). Plaintiff appealed. The Appeals Council granted Plaintiff's request for review and remanded the case to the ALJ for a new hearing and a new decision (TR. 509-513). The Appeals Council found that the ALJ had failed to adequately evaluate the opinions of Dr. Ali Ghaffari and Richard Fink, Ph.D. (TR. 511). The Appeals Council further found that the ALJ had also ignored the opinions of the state agency medical consultants; that the ALJ had not considered a third-party statement; and that the ALJ had given no specific reasons for her credibility assessment (TR. 511). At step five of the sequential analysis, the ALJ had relied on jobs requiring frequent handling, of which Plaintiff is incapable, and the Appeals Council determined that more VE assistance was warranted (TR. 512). The Appeals Council instructed the ALJ to evaluate Plaintiff's subjective complaints, give further consideration to Plaintiff's RFC, carefully formulate hypothetical questions to the VE that reflect all of the specific limitations established by evidence in the record as a whole, and determine whether Plaintiff has transferable skills (TR. 512).

The ALJ held a second administrative hearing on May 6, 2010 (TR. 594-632). Plaintiff appeared to testify in support of his applications, and at the request of the ALJ a VE[2] and a medical expert (ME) also testified. The ALJ issued her second unfavorable decision on September 8, 2010 (TR. 17-36).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

---

[2] Ms. Jennifer Sullivan, a vocational expert, testified in both hearings.

## THE ADMINISTRATIVE DECISION

In addressing the Plaintiff's disability applications, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act for DIB through December 31, 2002 (TR. 20). The ALJ then followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520; 416.920. At step one, the ALJ found that, although Plaintiff had worked after his alleged onset date, but the work did not rise to the level of substantial gainful activity (TR. 20).

At step two, the ALJ determined that Plaintiff has severe impairments consisting of left ear deafness, partial amputation of fingers on the left hand, a history of torn rotator cuff, depression and a history of alcohol and drug addiction (TR. 20). At step three, the ALJ found that none of Plaintiff's impairments singly, or in combination, meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 27).

The ALJ next considered Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the Administrative Law Judge finds that from November 21, 2001, the claimant's alleged onset date, through December 31, 2002 the day he was last insured for disability insurance purposes, and from October 23, 2003, the protected filing date of his application for supplemental security income benefits, through the date of this Decision, the claimant retained the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967 (b), with some limitations.
>
> The claimant is able to lift and/or carry and push and/or pull 20 pounds occasionally, but his ability to push and pull with his left upper extremity is limited due to the missing tip of his left ring finger and loss of half of his left middle finger. The

> claimant has a reduced ability to grip and perform fine manipulation with his left hand due to the missing portions of two digits. He **infrequently** can handle and perform gross and fine manipulation with his left hand, but he cannot climb ladders, ropes, or scaffolds. He is unable to engage in repetitive overhead reaching with his right arm and shoulder. Additionally, he has a moderate limitation in his ability to maintain concentration, persistence, or pace for extended periods, and in his ability to work with the public

(TR. 28-29). (Emphasis added).

At step four of the sequential evaluation, the ALJ found that Plaintiff was unable to perform any past relevant work (TR. 33). But the ALJ also determined, based on the testimony of the VE, that Plaintiff "has acquired work skills from past relevant work that are transferable to other occupations" (TR. 34).

At step five, the ALJ determined that Plaintiff can perform other jobs:

> Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy

(TR. 34). Relying on the testimony of the VE, the ALJ determined that Plaintiff could perform jobs such as group ticket sales representative, a final inspector, and a conveyor line bakery worker (TR. 34). The ALJ also determined that Plaintiff could perform jobs identified in the first unfavorable decision such as stock-record clerk and laundry sorter (TR. 35). Thus, at step five of the sequential evaluation process, the ALJ determined that Plaintiff is not disabled and therefore not entitled to DIB or SSI (TR. 36).

**ISSUES PRESENTED**

Plaintiff contends that the ALJ erred in determining that he had transferable skills from his past relevant work.[3]   Plaintiff further contends that the ALJ's hypothetical questions to the VE do not reflect with precision Plaintiff's limitations as determined by the ALJ in the RFC assessment.

**ANALYSIS**

It is well established in this circuit that "testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (internal quotations and citation omitted). Here, none of the hypothetical questions posed to the VE by the ALJ accurately reflected Plaintiff's nonexertional limitations, specifically the ALJ's finding that Plaintiff could only "infrequently . . . handle and perform gross and fine manipulation with his left hand" (TR. 29). When Plaintiff's attorney questioned the VE about jobs available to a person who was limited to "infrequent fingering," the VE testified that all jobs she had previously identified—group ticket sales representative, final inspector and conveyor line bakery worker—would be eliminated (TR. 630). When asked if there would be other jobs, the VE replied:

---

[3] It appears that the only substantial gainful activity that could qualify as Plaintiff's past relevant work under the regulations is a job mowing lawns in 2001. The other jobs were either not performed within the last fifteen years or did not result in sufficient earnings to constitute "substantial gainful activity." There is no explanation as to how skills learned from lawn-mowing, would transfer to other jobs. Because Plaintiff's second assignment of error is dispositive of this case, however, this court need not consider which of Plaintiff's past jobs, if any, would qualify as past relevant work under the regulations.

> VE:     You're beginning to look at something that basically is in the category of never in all those categories. I'm not able to locate any [jobs] in the light unskilled category. There is one in the sedentary unskilled category, and it's not a job that I use very often or feel very confident with.
>
> ALJ:    Okay. So basically –
>
> VE:     Not really

(TR. 630).

This case should be reversed and remanded because the VE's testimony does not support the ALJ's step-five finding that Plaintiff could perform other jobs existing in significant numbers in the local or national economy.

As Plaintiff notes, this case has been pending for over nine years. The Appeals Council remanded the ALJ's first decision for further review of the medical evidence and other evidence. In this, the second decision, the ALJ did review all the evidence, but nevertheless determined that Plaintiff could perform jobs, even though the ALJ herself found that Plaintiff is essentially incapable of fine manipulation (fingering) with his left hand, and the VE testified that this limitation excludes Plaintiff from performing other jobs. Plaintiff therefore requests this court to remand this case to the Commissioner for an immediate award of benefits.

This court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" 42 U.S.C. § 405(g). The Tenth Circuit has established factors for a court to consider when deciding whether an

immediate award of benefits is appropriate. *See Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006). In *Salazar*, the court of appeals stated:

> Whether or not to award benefits is a matter of our discretion. Some of the relevant factors we consider are the length of time the matter has been pending, and whether or not given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits

*Id.* (internal citation and quotation omitted). In *Salazar*, the matter had been pending for more than five years. The instant case has been pending for over nine years. Moreover, given that the VE testified that she could not identify any work a hypothetical individual with Plaintiff's limitations could perform, remand for additional fact-finding would serve no useful purpose. It is therefore recommended that the final decision of the Commissioner be reversed and remanded with directions for an immediate award of benefits.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** with directions for an immediate award of benefits.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **March 14, 2013**. The

parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on February 28, 2013.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE