# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

TERRY L. HOWELL,             )
                                )
        Plaintiff,            )
                                )
        vs.                 )        NO. CIV-12-74-D
                                )
CAROLYN W. COLVIN, Acting     )
Commissioner of the Social Security   )
Administration,              )
                                )
        Defendant.       )

## ORDER

This matter is before the Court on Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) [Doc. No. 39]. The Commissioner has responded [Doc. No. 41] and Plaintiff has replied [Doc. No. 42]. Upon consideration of the Motion in light of *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) and *Wrenn v. Astrue*, 525 F.3d 931, 937-38 (10th Cir. 2008) and for the reasons set forth below, the Motion, construed as a motion pursuant to Fed. R. Civ. P. 60(b)(6), is GRANTED.

Mr. Howell retained the law firm of Troutman & Troutman, P.C. to seek judicial review in federal district court of the denial of disability benefits by the Social Security Administration (SSA). The contract between Mr. Howell and the Troutman firm provides for payment of an attorney fee contingent upon Mr. Howell prevailing before the federal court and ultimately being awarded benefits by the SSA. Under the contract, Mr. Howell agrees to a fee in the amount of twenty five percent of any past-due benefits awarded. *See* Motion, Attachment 1.

Plaintiff prevailed in federal court. In an Order and Judgment dated March 28, 2013 [Doc. Nos. 29, 30], the Court reversed the decision of the SSA and remanded the case to the Commissioner for an immediate award of benefits. Further, the Court awarded to Plaintiff, as the prevailing party,

an attorney fee in the amount of $6,750.10 pursuant to the Equal Access to Justice Act (EAJA). *See* Order [Doc. No. 35].

On remand, Plaintiff was awarded past-due benefits and the SSA withheld twenty five percent of the past due benefits in the amount of $24,242.75 for payment of attorney fees. *See* Motion, Attachment 2. Plaintiff now requests a fee award in the amount of $18,242.75, which is less than the twenty-five percent withheld by the SSA. The supporting documents with the Motion, as well as the record, show a total of 41.8 hours of legal work performed on this case (30.6 hours of attorney time and 11.2 hours of paralegal time). The Commissioner does not contest the reasonableness of the fee request as to attorney time expended in this case. The Commissioner only contests the requested fee award as to 11.2 hours of paralegal time expended in this case and contends a reasonable fee award is $15,218.75 which excludes the paralegal time, *citing* Plaintiff's Motion at 10.

The Court, having reviewed the parties' briefing and the record, finds as follows. Plaintiff's motion for § 406(b) attorney fees is timely. *See McGraw v. Barnhart*, 450 F.3d 493, 505 (2006). The amount of fees sought by Plaintiff's counsel does not exceed the maximum allowable and is reasonable in light of the quality of the work performed before this Court, the number of hours of work expended before this Court, including the hours of work expended by the paralegal, and the result ultimately obtained. *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). The Commissioner has offered no authority for excluding the paralegal time in the context of Plaintiff's § 406(b) fee request. *Compare Siraco v. Astrue*, 806 F. Supp. 2d 272, 278-79 (D. Maine 2011) (allowing paralegal time and finding that proper issue is not whether paralegal time is compensable but whether the "percentage contingent fee agreement yields a reasonable fee amount"). Moreover,

awarding fees for paralegal time is authorized in other federal fee award contexts. *See generally Missouri v. Jenkins*, 491 U.S. 274, 284 (1989). And, as Plaintiff's counsel points out, even if the Court were to exclude the paralegal time from consideration, the requested fee award for attorney time is reasonable.

Therefore, Plaintiff's attorney's motion for attorney fees in the amount of $18,242.75 under 42 U.S.C. § 406(b) [Doc. No. 39] is GRANTED and Plaintiff's attorney, Steve A. Troutman of Troutman & Troutman, P.C., is awarded $18,242.75 in attorney fees pursuant to 42 U.S.C. § 406(b). Plaintiff's attorney is ORDERED to refund to Plaintiff the amount of $6,750.10 in EAJA fees previously awarded. [Doc. No. 35].

IT IS SO ORDERED this 28th day of January, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE